UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

DHS, an infant under the age of fourteen years by his
Mother and Natural Guardian, ANA SERRANO, and
ANA SERRANO, Individually,

                              Plaintiffs,

                  v.

NYU LUTHERAN MEDICAL CENTER, SAM SHAHEM,
M.D., CHRISTINE CHENG, M.D., and MARK REBOLOS,
M.D.,

                              Defendants.

---------------------------------------------------x

**NOTICE OF REMOVAL**

Civil Action No.
CV 17-6927
(____, J.)
(____, M.J.)

AMON, J.

BULSARA, M.J.

TO:      THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that an action pending in the Supreme Court of the State of New York, County of Kings, has been removed to the United States District Court for the Eastern District of New York.

BRIDGET M. ROHDE, Acting United States Attorney for the Eastern District of New York, by KEVAN CLEARY, Assistant United States Attorney, *of counsel,* states the following facts upon information and belief:

        1.     The above-captioned action was commenced in the Supreme Court of the State of New York, County of Kings. The Index Number in Kings County State Supreme Court is 505290/2017.  See Summons and Verified Complaint, annexed hereto as Exhibit A.

        2.     This is an action alleging negligence on the part of the defendants in connection with medical treatment provided to DHS and ANA SERRANO, on or about May 12,

2016.

3. Pursuant to 42 U.S.C. § 233(g), defendant NYU Lutheran Medical Center only in so far as it operated the Sunset Park Family Health Center ("Sunset Park") has been designated a Public Health Service Employee and thus is deemed an employee of the United States of America for purposes of the Federal Tort Claims Act. Additionally, defendant Sam Shahem, M.D., a Sunset Park employee, is also deemed to be an employee of the United States of America.

4. On or about May 12, 2016, and specifically with regard to the treatment alleged to be the basis of the complaint, defendant NYU Lutheran Medical Center operating as Sunset Park was a federally supported health center and was deemed by the Department of Health and Human Services, pursuant to 42 U.S.C. § 233(h), eligible for coverage under the Federal Tort Claims Act, and was acting within the course and scope of such deemed employment with the United States of America. The Certification of Meredith Torres, Senior Attorney, Office of General Counsel, Department of Health and Human Services, attesting to this, is annexed hereto as Exhibit B.

5. On or about May 12, 2016, and specifically with regard to the treatment alleged to be the basis of the complaint, defendant Sam Shahem, M.D., was an employee of Sunset Park and was deemed, pursuant to 42 U.S.C. § 233(g), eligible for coverage under the Federal Tort Claims Act, and was acting within the course and scope of such deemed employment with the United States of America. <u>See</u> Exhibit B.

6. Pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c), this action may be removed to this Court.

8. Pursuant to 28 U.S.C. § 2408 and 42 U.S.C. § 233(c), the United States may

remove this action without a bond.

9. The United States is substituted as the party defendant for defendants NYU Lutheran Medical Center operating as Sunset Park and Sam Shahem, M.D., pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233(c).

WHEREFORE, it is respectfully requested that the above-captioned action pending in the Supreme Court of the State of New York, County of Kings, be removed to this Court; and

In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this notice with the Clerk of the Court, Supreme Court of the City of New York, County of Kings, shall effect the removal, and the state court shall proceed no further with respect to the action, unless and until the

case is remanded thereto.

Dated:     Brooklyn, New York
           _____, 2017

                                        Respectfully submitted,

                                        BRIDGET M. ROHDE
                                        Acting United States Attorney
                                        Eastern District of New York
                                        Attorney for Defendant United States of America
                                        271-A Cadman Plaza East
                                        Brooklyn, New York 11201


                                  By:/s/ *KEVAN CLEARY*
                                        KEVAN CLEARY
                                        Assistant United States Attorney
                                        (718) 254-6027
                                        kevan.cleary@usdoj.gov


TO:   Clerk of Court
      Supreme Court of the State of New York
      County of Kings
      360 Adams St.
      Brooklyn, New York   11201

# A

FILED: KINGS COUNTY CLERK 03/03/2017 11:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 504290/2017
RECEIVED NYSCEF: 03/03/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------x

MAR 1 3 2016

DHS an infant under 14 year by mng ANA SERRANO

Plaintiff/Petitioner,

- against -

Index No. _____

NYU LUTHERAN MEDICAL CENTER

Defendant/Respondent.
--------------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney:** Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form. However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: March 2, 2017

_____
Signature

Allan Zelikovic
Name

Weitz & Luxenberg PC
Firm Name

700 Broadway
Address

New York, NY 10003

212-558-5525
Phone

azelikovic@weitzlux.com
E-Mail

To: NYU Lutheran Medical Center

Sam Shahem, Christine Cheng

Mark Rebolos

9/3/15

Index #           Page 2 of 2           EFM-1

12 of 12

FILED: KINGS COUNTY CLERK 03/03/2017 11:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 504290/2017
RECEIVED NYSCEF: 03/03/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
DHS                           an infant under
The age of fourteen years by his mother and
Natural guardian, ANA SERRANO and
ANA SERRANO individually,

                        Plaintiffs,

                        -against-

NYU LUTHERAN MEDICAL CENTER,
SAM SHAHEM, M.D., CHRISTINE CHENG, M.D.
and MARK REBOLOS, M.D.,

                        Defendants.
-----------------------------------------------------------------X

Index No:

Plaintiffs designate
KINGS COUNTY
As the Place of Trial

Basis of venue is the
Plaintiffs' Residence

**SUMMONS**

Plaintiffs reside at:
5711 4TH Avenue, 3R
Brooklyn, NY 11220

To the above named Defendant(s):

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your Answer, or, if the complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days if this Summons is not served upon you personally within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       March 2, 2017

                                   Yours etc.,

                                   **WEITZ & LUXENBERG, P.C.**
                                   Attorneys for Plaintiffs
                                   700 Broadway
                                   New York, New York 10003
                                   (212) 558-5500

                              By: _____
                                  **ALLAN ZELIKOVIC, ESQ.**

Defendants Addresses:

NYU Lutheran Medical Center
150 55th Street
Brooklyn, New York 11220

Sam Shahem, M.D.
c/o NYU Lutheran Medical Center
150 55th Street
Brooklyn, New York 11220

Christine Cheng, M.D.
c/o NYU Lutheran Medical Center
150 55th Street
Brooklyn, New York 11220

Mark Rebolos, M.D.
c/o NYU Lutheran Medical Center
150 55th Street
Brooklyn, New York 11220

FILED: KINGS COUNTY CLERK 03/03/2017 11:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 504290/2017
RECEIVED NYSCEF: 03/03/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------X
DHS                                an infant under
The age of fourteen years by his mother and
Natural guardian ANA SERRANO and
ANA SERRANO individually,

                Plaintiffs,

-against-

NYU LUTHERAN MEDICAL CENTER,
SAM SHAHEM, M.D., CHRISTINE CHENG, M.D.
and MARK REBOLOS, M.D.,

                Defendants.
-----------------------------------------------------------X

Index No:

VERIFIED COMPLAINT

Plaintiffs by their attorneys WEITZ & LUXENBERG, P.C., complaining of the defendants herein set forth as follows, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Plaintiffs are residents of the County of Kings, State of New York.

2. ANA SERRANO is the mother and natural guardian of the infant plaintiff.

3. At all times hereinafter mentioned, defendant, NYU LUTHERAN MEDICAL CENTER is and was a medical facility within the County of Kings, State of New York.

4. At all times hereinafter mentioned, defendant NYU LUTHERAN MEDICAL CENTER held itself out to the general public and plaintiffs as a medical facility fully competent to render medical care and attention to sick and ailing persons.

5. At all times hereinafter mentioned, defendant, SAM SHAHEM, M.D. is and was a physician duly licensed within the State of New York for the practice of medicine.

FILED: KINGS COUNTY CLERK 03/03/2017 11:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 504290/2017
RECEIVED NYSCEF: 03/03/2017

6. At all times hereinafter mentioned, defendant **SAM SHAHEM, M.D.**, held himself out to the general public and plaintiffs as a skillful physician competent to render care and medical attention to sick and ailing persons.

7. At all times hereinafter mentioned, defendant **SAM SHAHEM, M.D.**, was an agent, servant, and/or employee of defendant **NYU LUTHERAN MEDICAL CENTER** and performed his duties within the scope of his employment thereto.

8. At all times hereinafter mentioned, defendant **CHRISTINE CHENG, M.D.** is and was a physician duly licensed within the State of New York for the practice of medicine.

9. At all times hereinafter mentioned, defendant **CHRISTINE CHENG, M.D.**, held herself out to the general public and plaintiffs as a skillful physician competent to render care and medical attention to sick and ailing persons.

10. At all times hereinafter mentioned, defendant **CHRISTINE CHENG, M.D.** was an agent, servant, and/or employee of defendant **NYU LUTHERAN MEDICAL CENTER** and performed her duties within the scope of her employment thereto.

11. At all times hereinafter mentioned, defendant **MARK REBOLOS, M.D.** is and was a physician duly licensed within the State of New York for the practice of medicine.

12. At all times hereinafter mentioned, defendant **MARK REBOLOS, M.D.**, held himself out to the general public and plaintiffs as a skillful physician competent to render care and medical attention to sick and ailing persons.

13. At all times hereinafter mentioned, defendant **MARK REBOLOS, M.D.** was an agent, servant, and/or employee of defendant **NYU LUTHERAN MEDICAL CENTER** and performed his duties within the scope of his employment thereto.

14. That during a course of continuous treatment through on or about May 12, 2016 and thereafter, the defendants, individually, and by their agents, servants, and/or employees, undertook the obligation of rendering medical care and attention to plaintiffs.

15. It was the duty of the defendants, individually and by their agents, servants, and/or employees, to render that degree of medical care and attention to plaintiffs as was warranted under the circumstances surrounding plaintiffs' medical condition.

16. The defendants, individually, and by their agents, servants, and/or employees were careless, reckless and negligent in the unsafe care and treatment rendered to plaintiffs: by failing to render medical care safely and in conformity with good and accepted medical practices; in failing to adhere to good, safe, and accepted medical practices; in departing from good, safe, and accepted medical practices; in rendering a degree of care to plaintiffs that was not safe or adequate; in improperly and unsafely administering medical care and attention to plaintiffs; in failing to render that degree of safe medical care to plaintiffs that plaintiffs rightfully expected and anticipated; in causing the plaintiffs to suffer and experience unnecessary trauma, pain, and mental anguish; in causing iatrogenic injuries; in exacerbating the patients' condition; and, in otherwise being careless, reckless and negligent.

17. As a result of the foregoing, infant plaintiff was rendered sick, sore, lame and disabled, was caused to incur hospital and medical expenses in an endeavor to cure and/or alleviate himself of the injuries sustained; was caused to become unable to tend to his usual duties and pursuits; and was otherwise damaged.

18. The aforesaid injuries were occasioned wholly and solely by the carelessness, negligence, and unskillfulness of the defendants herein and without any negligence on the part of the plaintiffs contributing thereto.

19. The amount of damages sought herein exceeds the jurisdictional limits of all lower courts

20. The limitations on liability set forth in CPLR Section 1600 et seq do not apply.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiffs repeat, reallege and reiterate each and every paragraph heretofore set forth designated "1" through "20" with the same full force and effect as if fully set forth herein.

22. ANA SERRANO is the mother and natural guardian of the infant plaintiff.

23. As a result of the foregoing, plaintiff was caused to become liable for medical aid and expenses.

24. As a result of the foregoing, plaintiff was caused to lose the love, services, society and affection of her child.

25. As a result of the foregoing, plaintiff was damaged.

26. The aforesaid injuries were occasioned wholly and solely by the carelessness, negligence and unskillfulness of the defendants herein and without any negligence on the part of the plaintiffs contributing thereto.

27. The amount of damages sought herein exceeds the jurisdictional limits of all lower courts.

28. The limitations on liability set forth in CPLR Section 1600 et seq do not apply.

## AS AND FOR A THIRD CAUSE OF ACTION

29. Plaintiffs repeat, reallege and reiterate each and every paragraph heretofore set forth designated "1" through "28" with the same full force and effect and if fully set forth herein.

30. Defendants failed to inform the plaintiffs of the risks, hazards and dangers inherent in the treatment rendered, failed to advise of the alternatives thereto, failed to advise of the reasonably foreseeable risks involved in the recommended modality of therapy, failed to advise of the benefits of alternative modalities of therapy, and failed to obtain an informed consent. A reasonable person in similar circumstances would not have consented to the procedures in question.

31. As a result of the foregoing the plaintiffs have been damaged.

32. The aforesaid lack of informed consent was occasioned wholly and solely by the carelessness, negligence and unskillfulness of the defendants herein and without any negligence on the part of the plaintiffs contributing thereto.

33. The amount of damages sought herein exceeds the jurisdictional limits of all lower courts.

34. The limitations on liability set forth in CPLR Section 1600 et seq do not apply.

**WHEREFORE**, plaintiffs demand judgment against the defendants herein, on the First, Second and Third Causes of Action in sums that exceed the jurisdictional limits of all lower courts that might otherwise have jurisdiction together with the costs and disbursements of this action.

Dated: New York, New York
       March 3, 2017

FILED: KINGS COUNTY CLERK 03/03/2017 11:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 504290/2017
RECEIVED NYSCEF: 03/03/2017

Yours etc,

**WEITZ & LUXENBERG, P.C.**
Attorneys for Plaintiffs
700 Broadway
New York, New York 10003
(212) 558-5500

By: _____
    ALLAN ZELIKOVIC

FILED: KINGS COUNTY CLERK 03/03/2017 11:04 AM
NYSCEF DOC. NO. 1

INDEX NO. 504290/2017
RECEIVED NYSCEF: 03/03/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
DHS an infant under
The age Of fourteen years by his mother and natural
Guardian, ANA SERRANO and ANA SERRANO
Individually,

Plaintiffs,

-against-

NYU LUTHERAN MEDICAL CENTER,
SAM SHAHEM, M.D., CHRISTINE CHENG, M.D.
and MARK REBOLOS, M.D.,

Defendants.
---------------------------------------------------------------X

Index No:

CERTIFICATE OF MERIT

Allan Zelikovic, Esq. being duly sworn deposes and says:

I have reviewed the facts of this case and have consulted with at least one physician or dentist who is licensed to practice in this State or in another State and whom I reasonably believe to be knowledgeable in the relevant issues involved in the within action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of the within action.

Dated: New York, New York
       March 2, 2017

_____
ALLAN ZELIKOVIC

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss.:

The undersigned, an attorney admitted to practice in the State of New York, affirms that the undersigned is the attorney(s) of record for Plaintiffs in the within action; that the undersigned has read the foregoing COMPLAINT and knows the contents thereof; that the same are true to your affirmant's knowledge, except as to those matters therein stated to be alleged upon information and belief; and as those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by the plaintiffs is that the plaintiffs do not reside in the county where your affirmant maintains his offices.

The grounds of your affirmant's belief as to all matters not stated to be upon affirmant's knowledge are as follows: conferences, investigation and material contained in file.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       March 2, 2017

_____
ALLAN ZELIKOVIC

**B**

DECLARATION OF SERVICE

hereby declares and states as follows:

That on the ___ of ____, 2007 I caused to be mailed by First Class Mail from One Pierrepont Plaza, 14th Floor, Brooklyn, New York, the following:

**NOTICE OF REMOVAL**

**CERTIFICATION OF SCOPE OF EMPLOYMENT**

of which the annexed are true copies contained in a securely enclosed First Class

Mail wrapper directed to the person(s) at the place(s) and address(es) as follows:

Allan Zelikovic, Esq.
WEITZ & LUXENBERG, PC
700 Broadway
New York, New York 10003
(212) 558-5500
*Attorneys for Plaintiffs*

r

The undersigned affirms under penalty of perjury that the foregoing is true and correct.

Dated:        Brooklyn, New York
              _____, 2017

              _____

7